No. 12,490.

National Surety Company *v*. Denver Sewer Pipe and Clay Company.
(5 P. [2d] 254)

Decided November 2, 1931.

Messrs. Blount, Silverstein & Rosner, for plaintiff in error.

Messrs. Melville, Melville & Temple, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

This is an action by the Denver Sewer Pipe & Clay Company, a corporation, against the Western Construction Corporation, on an open account, and the National Surety Company on its liability as surety for the construction company on a construction contract bond. The complaint alleges that the plaintiff sold and delivered to the defendant construction corporation certain materials and supplies such as sewer pipe and brick, at an agreed price of approximately $1,300, and that these materials were used by it in the construction of a public improvement known as Barnum Improvement District No. 1 in the City and County of Denver, and no part of the purchase price has been paid. The bond of the surety company was conditioned that the surety would be liable for the payment of bills "for labor and materials, used or performed in the prosecution of the work provided for in said contract." The construction company, although served with process, did not appear or defend at the trial.

The issues thus made by the pleadings and upon which trial was had, are whether or not the plaintiff sewer pipe company sold and delivered to the construction corporation the materials described in the complaint, and whether or not, if sold and delivered, they were subsequently used in the construction of the work provided for in the contract. Trial was to the court without a jury, whose findings upon the issues of fact were in favor of the plaintiff and judgment was rendered for the amount claimed against both defendants. The surety company only prosecutes this writ of error to reverse the judgment rendered against it.

Plaintiff in error states that the questions to be determined are: (a) Whether or not the plaintiff proved the case alleged as against the defendant surety company; and, (b) whether or not the court erred in admitting in evidence certain testimony of the witness for the sewer pipe company, Oscar Temple.

█ A solution of the controversy rests solely upon the testimony of witnesses for the plaintiff sewer pipe company, the surety company offering no evidence. The witness Temple, the secretary of the company, and the company's bookkeeper Doering were the only witnesses. The testimony of Doering is only as to the total amount of materials alleged to have been furnished by the plaintiff to the construction company, and of the amount due the plaintiff. It is from the testimony of the witness Temple that the sufficiency of the evidence to support the judgment rendered must be determined, taken in connection with what are called "receipts" for deliveries made on this job, which are strips of paper describing the materials sent out from time to time by the Denver Sewer Pipe Company for delivery at the places where they are laid in sewers. Temple testifies that the plaintiff company sold and delivered certain building materials to the construction corporation on a job known as the Barnum Improvement District No. 1. There was introduced in evidence by the plaintiff 23 separate sheets or tickets indicating that the plaintiff company had sold certain materials to be used by the construction company in the Barnum District of the total value of more than $1,300, no part of which had been paid. There is no reasonable doubt that the plaintiff sold and billed out the materials represented by these so-called tickets or bills. The important question for determination is whether they were received by the construction company and were used by it in the sewer construction. Temple testifies that he was at the job at least once or twice during the construction of the sewer and saw some of the materials which the company had sold and which were ordered and delivered on the job there in place, but he does not claim that he saw there all of the materials which his company sold. He testifies, and his testimony is not contradicted, that after the construction work on the sewer had been completed by the defendant construction company, he saw and conversed with Mr. Stryker, who was the active

man in charge of the work of construction of this sewer for the construction company, and was also its president. Temple pressed for payment of the amount in suit here and at different times Stryker acknowledged liability of his company, and promised to pay the amount of the bill in suit and for which judgment was rendered in favor of the plaintiff, but failed to make any payment thereon. This testimony of Temple, in substance and in legal effect, is that the construction company by its authorized agent, its president, acknowledged the existence of the indebtedness of the company for the materials sold by the plaintiff to the construction company, and that they were used in the construction of the sewer. While it was incumbent upon the plaintiff to establish the allegations of the complaint and not for either defendant, in the first instance, to disprove the same, nevertheless, we are thoroughly satisfied from a reading of the entire evidence, as contained in the bill of exceptions, that it makes a prima facie case for the plaintiff. In thus disposing of the case we are not to be understood as intimating or holding that the contract of the surety is not to be strictly construed. That proposition is not in dispute. The trial court did not err in holding the evidence prima facie sufficient to establish that plaintiff sold and delivered to the construction company the materials described in the complaint and that such materials were used in the construction of the sewer and payment therefor has not been made. Judgment affirmed.

Mr. Chief Justice Adams, Mr. Justice Alter and Mr. Justice Hilliard concur.